IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES REDDEN, CHRISTOPHER BROOKS, BRAD KESSLER and REDDEN AND ASSOCIATES, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:09-CV-1380-L** |
| SMITH & NEPHEW, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Strike Plaintiffs' Amended Complaint, filed February 19, 2010. After consideration of the motion, response, briefs, record, reply, and applicable law, the court **grants in part** and **denies in part** Defendant's Motion to Strike Plaintiffs' Amended Complaint.

### I. Factual and Procedural Background

Plaintiffs Charles Redden ("Redden"), Christopher Brooks ("Brooks"), Brad Kessler ("Kessler"), and Redden and Associates, Inc. (collectively, "Plaintiffs") originally filed this action in the 95th Judicial District Court, Dallas County, Texas on June 25, 2009. Defendant Smith & Nephew, Inc. ("S&N" or "Defendant") removed the action to this court on July 24, 2009, on grounds that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs. Plaintiffs originally brought four claims against Defendant: two claims for breach of contract, one claim for defamation, and one claim for breach of fiduciary

duty. On January 19, 2010, the court severed and transferred one of the breach of contract claims and ordered Plaintiffs to replead their three remaining claims with greater specificity.

Pursuant to the court's instruction, Plaintiffs filed their First Amended Original Complaint on February 5, 2010. The amended complaint alleges multiple causes of action and adds claims for fraud, negligent misrepresentation, implied in fact contract, breach of the duty of good faith and fair dealing, and intentional infliction of emotional distress, in addition to the original breach of contract, defamation, and breach of fiduciary duty claims that the court directed Plaintiffs to replead. Defendant filed a motion to strike on February 19, 2010, and argues that the amended complaint fails to comply with the specific substantive requirements set forth by the court's January 19, 2010 order.

The factual allegations giving rise to this lawsuit are as follows. Plaintiffs originally were independent contractor sales representatives of S&N, a company in the business of supplying medical instruments and products to orthopedic surgeons and hospitals. S&N terminated its business relationship with Plaintiffs on June 12, 2009, pursuant to their individual contracts. Plaintiffs allege that they were wrongfully terminated and were placed into a "no win position" by S&N, a situation that required them to lie to S&N's compliance office about a night out on the town. Specifically, Plaintiffs allege that one evening in April 2009, at S&N's coercive "request," they met a physician-client for drinks and took a subsequent excursion to a gentlemen's club. This evening sparked an investigation in S&N's compliance office to determine whether Plaintiffs had violated any S&N or AdvaMed policies.[1] Plaintiffs allege that they were instructed by the president and vice

---

[1] AdvaMed, short for Advanced Medical Technology Association, is a trade association that represents medical device manufacturers, makers of medical equipment, medical software and supplies, and medical technology. Plaintiffs allege that S&N entered into a Deferred Prosecution Agreement in 2007 with the United States because of numerous violations of unfair competition laws. This agreement allegedly required S&N to follow AdvaMed guidelines for physician contact, enact its own policies, and police itself. S&N was allegedly released from this agreement in March 2009.

**Memorandum Opinion and Order – Page 2**

president of S&N to deny anything that happened that evening and were fearful that their careers would be ended if they did not do as instructed. They were further concerned that anything they disclosed to S&N's compliance office would not be kept confidential. Following Plaintiffs' June 2009 termination, S&N officers and sales representatives allegedly spread false rumors about Plaintiffs to S&N competitors in an effort to prevent them from finding a new job in the same field.

Defendant requests that the court strike all claims and dismiss this action with prejudice for failure to state a claim upon which relief can be granted. Alternatively, Defendant requests that the court order Plaintiffs to replead their claims in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure.

## II. **Legal Standards**

### A. Motion to Strike

The court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The court may act *sua sponte* or on motion made by a party either before the party responds to the pleading if a response is allowed or within 21 days of being served if a response is not allowed. *Id.* "[S]uch deficiencies do not normally justify dismissal of the suit on the merits and without leave to amend, at least not in the absence of special circumstances." *Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985). "Motions to strike alleged redundant, immaterial, impertinent or scandalous matter are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co.*, 254 F.2d 569, 572 (5th Cir. 1958) (Rives, J., concurring) (citation omitted).

## B. Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.  Analysis

S&N principally objects to Plaintiffs' alleged failure to satisfy the "short and plain statement" requirement under Rule 8(a)(2). Defendant maintains that the amended complaint is prolix and difficult to comprehend, and even quotes the amended complaint at length to provide purported examples of Plaintiff's confusing prose. Setting aside any alleged Rule 8(a)(2) deficiency, however, S&N further contends that Plaintiffs have fallen short of pleading cognizable claims for breach of contract, defamation, and breach of fiduciary duty, despite the roadmap for repleading the court provided in its January 19, 2010 order. Accordingly, S&N requests that those claims now be

dismissed for failure to state a claim upon which relief can be granted. The court will analyze the claims separately.

### A. Breach of Contract Claim

In its January 19, 2010 order, the court ruled that, due to forum selection clauses, venue was improper in Dallas for the breach of contract claims brought by Brooks and Kessler. The court subsequently severed and transferred those breach of contract claims to the Western District of Tennessee, where venue was proper. Redden's breach of contract claim was allowed to remain before the court, but Redden was directed to replead his claim with specificity.

Plaintiff's amended complaint asserts three counts (Count Five, Count Six, and Count Seven) that relate to Redden's breach of contract claim. The three counts seem to allege that Brooks and Kessler's services for S&N were controlled by the terms of Redden's contract, despite Brooks and Kessler having subsequent, separate, and individual contracts of their own.[2] With respect to breach of the Redden contract, Plaintiffs allege that breach occurred when S&N failed to make payments of earned commissions following the contract's termination, failed to provide written notice to Redden that the contract was being terminated, and improperly terminated Plaintiffs for "cause" when no cause existed under the terms of the contract. Plaintiffs do not specify the amount of earned commissions that they were owed following the contract's termination.

It is undisputed that the Brooks and Kessler contracts contained merger clauses that limited Brooks's and Kessler's entire agreements with S&N to the terms of their individual contracts, and further provided that their agreements would only be modified through written agreement. Def.'s

---

[2]S&N and Redden entered into the Redden contract in April 2000. The Brooks and Kessler contracts were entered into in April 2004 and February 2008, respectively. Only the Brooks and Kessler contracts contained forum selection clauses. Brooks and Kessler voluntarily dismissed their contract claims against S&N after the court transferred their claims to the Western District of Tennessee.

**Memorandum Opinion and Order – Page 6**

App. 12 ¶ 10, 42 ¶ 10. It is further undisputed that the Brooks and Kessler contracts were executed years *after* the Redden contract, and that the Redden contract cannot possibly constitute a written modification of the Brooks and Kessler agreements. Although the amended complaint alleges that S&N's district manager stated that Brooks's and Kessler's relationship to Defendant would be based on the Redden contract instead of their individual contracts, such a statement, even if made, would not satisfy the "written agreement" requirement of the merger clauses.

To provide Brooks and Kessler a remedy, the court transferred their contract claims to the Western District of Tennessee, where venue was proper. Brooks and Kessler have since voluntarily dismissed their contract claims against S&N in the Tennessee federal court. This court is unable to grant Brooks and Kessler their requested relief on those claims. Because of the merger clauses contained in the Brooks and Kessler contracts, the court expressly rejects Plaintiffs' argument that Brooks's and Kessler's services were controlled by the Redden agreement. Accordingly, the court will strike Plaintiffs' breach of contract claims to the extent that they seek relief for Brooks and Kessler.

To the extent that the breach of contract claims seek relief for Redden, the court determines that the claims are pled sufficiently to provide a short and plain statement as to the nature of the things being asserted. In their current form, however, the court determines that the claims relating to unpaid earned commissions and failure to provide written notice fall short of the Rule 12(b)(6) standard articulated by *Twombly* and *Iqbal*. Under Texas law, the essential elements for a breach of contract claim are: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

Under *Twombly* and *Iqbal*, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and must allege "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Here, the breach of contract allegations are conclusory, particularly with respect to the damages sustained from breach.

Count Five alleges that earned commissions were withheld by S&N following the contract's termination. There is no specification as to the amount of earned commissions allegedly owed or as to the relevant dates that such commissions were earned but unpaid. There is also no specification as to which provision of the Redden contract controls the payment of unearned commissions. This information is critical, as it provides guidance, both to Defendant and the court, as to exactly which provision of the contract was allegedly breached, and establishes the damages purportedly sustained as a result of that breach. Both of these are essential elements to prevailing on a breach of contract claim under Texas law and, in the amended complaint's current form, both of these elements are missing. "[A] court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs.*, 401 F.3d at 638.

Count Six alleges that written notice of the contract's termination was not provided to Redden or Redden and Associates, Inc. and that both were "damaged by this breach." There is no specification as to the extent of their purported damage. While the court can draw a reasonable inference that lack of written notice would pose a great inconvenience, there is no indication that the "damage" sustained was any more than that.

Count Seven alleges that Plaintiffs were improperly terminated for "cause," when no such cause existed under the terms of the contract. This count likewise states in conclusory fashion that Plaintiffs were "damaged by this breach." The court believes that any damages sustained from improper termination would relate to the alleged unpaid earned commissions under Count Five. If this is the case, then the claim should make that clear, and provide specificity as to the damages sustained. In its current form, however, Count Seven falls short of properly pleading a crucial element of a breach of contract claim under Texas law. Plaintiffs' breach of contract claims therefore fall short of the federal pleading standard and are subject to dismissal under Rule 12(b)(6).

### B. Defamation Claim

Plaintiffs reassert their defamation claim (Count Nine) and contend that S&N agents and representatives spread false rumors and placed blame on Plaintiffs for S&N's mistakes. Count Nine further alleges that these statements were communicated to client-physicians and other members of the orthopedic community and have resulted in difficulty for Plaintiffs in acquiring sales positions in that field. The claim further asserts that Brooks was terminated after two weeks with Wright Medical as a result of these rumors.

"To state a claim for defamation of a non-public figure under Texas law, a plaintiff must demonstrate that the defendant published a defamatory statement about him while acting with negligence regarding the truth of the statement." *Ameen v. Merck & Co.*, 226 F. App'x 363, 370 (5th Cir. 2007). In the pleading, "the plaintiff must identify the alleged defamatory statement and the speaker." *Id.* The claim must also "state the time and place of the publication." *Jackson v. Dallas Indep. Sch. Dist.*, 1998 WL 386158, *5 (N.D. Tex.), *aff'd*, 232 F.3d 210 (5th Cir. 2000). "Courts require more particular pleading [for a defamation claim] to allow the opposing party to

raise the appropriate defenses." *Id.* (imposing requirement that a plaintiff bringing a defamation claim specify the time, place, content, speaker, and listener).

The court determines that Plaintiffs' defamation claim is insufficient under Rule 8(a) to provide Defendant with reasonable notice of the claim. As pleaded, the claim consists of broad assertions and fails to provide specificity with respect to *who* made the statements and to *whom* the statements were made. Sweeping generalizations of S&N "agents" and "sales representatives" communicating "false rumors" to "client-physicians" and the "orthopedic community" reveal nothing, and only intimate a "sheer possibility" of wrongdoing. *Iqbal*, 129 S. Ct. at 1949. The identities of the speakers themselves remain nebulous, and the actual words of the defamatory statements are tactfully omitted. Moreover, there is no allegation concerning the specific time and place of publication, making the claim facially defective. Accordingly, Plaintiffs' defamation claim falls short of the federal pleading standard and is subject to dismissal under Rule 12(b)(6).

### C.  Breach of Fiduciary Duty Claim

Plaintiffs reassert their breach of fiduciary duty claim (Count Eleven) and allege that S&N's vice principals, Andrew Holman ("Holman") and Shawn Gabriel ("Gabriel"), owed fiduciary duties of loyalty and good faith; candor; fair, honest dealing; full disclosure; refrain from self dealing; and to act with integrity of the strictest kind. Plaintiffs maintain that this moral and personal fiduciary relationship was created following their night out on the town with a client-physician at the directive of S&N's president. They allege that they received assurances from Holman and Gabriel that their jobs would be safe and that no harm would come to their careers if they denied that the night out ever occurred.

Texas law recognizes informal fiduciary relationships where one person trusts in and relies upon another, whether the relationship is "moral, social, domestic, or purely personal." *Meyer v. Cathey*, 167 S.W.3d 327, 331 (Tex. 2005) (citations omitted). Even if the representations made by Holman and Gabriel constituted the creation of a moral or personal fiduciary relationship with Plaintiffs, the law makes clear that any such relationship "must exist prior to, and apart from, the agreement made." *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 177 (Tex. 1997). By Plaintiffs' own admission, it was the purported "agreement" following the night out on the town that created the informal fiduciary relationship, the same "agreement" that Holman and Gabriel allegedly later betrayed. Accordingly, it is clear that Plaintiffs had no *preexisting* informal fiduciary relationship with S&N's vice principals and their claim for breach of fiduciary duty necessarily fails to state a claim upon which relief can be granted.

### D. Other Claims

Plaintiffs assert several other claims for fraud, negligent misrepresentation, implied in fact contract, breach of the duty of good faith and fair dealing, and intentional infliction of emotional distress. These claims were not included in Plaintiffs' original petition. The court did not grant Plaintiffs leave to add these claims; nor did Plaintiffs obtain the written consent of Defendant to add these claims. Because Plaintiffs did not obtain such leave or consent to add these claims, the court determines that the claims should be stricken.

### E. Amendment

With respect to Plaintiffs' breach of contract claims (Count Five, Count Six, Count Seven) and defamation claim (Count Nine), the court determines that the identified deficiencies can potentially be cured through amendment. The court will accordingly afford Plaintiffs another

opportunity to cure those identified deficiencies. Plaintiffs are directed to file an amended pleading by **August 9, 2010.**

With respect to Plaintiffs' breach of fiduciary duty claim (Count Eleven), the court determines that the deficiencies cannot be cured through amendment. For Plaintiffs to amend in a way that would state a cognizable claim would require that they to fundamentally alter their legal theory behind the claim; they would have to allege a preexisting informal fiduciary relationship with S&N's vice principals prior to the "agreement" made following their night out on the town. Plaintiffs have already stated that it was this "agreement" that created the informal fiduciary relationship, meaning that one did not preexist. Accordingly, to amend this claim would be futile, and the court will dismiss it.

### F. Rule 10 Considerations

Defendant requests that Plaintiffs abide by Rule 10 of the Federal Rules of Civil Procedure regarding any subsequent amendments to their complaint and specifically takes issue with Plaintiffs' lack of numbered paragraphs. Although Plaintiffs assert that they have complied with Rule 10, the court disagrees. Rule 10 and its numbered paragraph requirement exist to reduce confusion by adding clarity and coherency to a pleading. Here, the amended complaint is written more like a memorandum instead of a pleading and does not include numbered paragraphs. Although the failure to include numbered paragraphs is not necessarily fatal to a pleading, the court hereby **directs** Plaintiffs to abide by Rule 10 in all subsequent amendments and number the paragraphs of such pleadings for the benefit of both the court and Defendant.

## IV. Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part** Defendant's Motion to Strike Plaintiffs' Amended Complaint. The motion is **granted** to the following extent: Plaintiffs' claims for fraud (Count One), negligent misrepresentation (Count Two), implied in fact contract (Count Three), breach of the duty of good faith and fair dealing (Count Four), and intentional infliction of emotional distress (Count Eight) are **stricken** and **dismissed without prejudice**. To file these claims or add other claims, Plaintiffs must either obtain leave of court or the written consent of Defendant.

Plaintiffs have failed to state a claim upon which relief can be granted for breach of contract (Count Five, Count Six, Count Seven), defamation (Count Nine), and breach of fiduciary duty (Count Eleven). Because the court believes that Plaintiffs' breach of contract (Count Five, Count Six, Count Seven) and defamation (Count Nine) claims can be cured through amendment, the court will allow Plaintiffs fourteen days from the date of this order to amend those claims. Because the court does not believe that Plaintiffs can cure the breach of fiduciary duty (Count Eleven) claim through amendment, the court **dismisses with prejudice** Plaintiffs' claim for breach of fiduciary duty (Count Eleven). In all other respects, Defendant's Motion to Strike Plaintiffs' Amended Complaint is **denied**.

Plaintiffs are hereby **ordered** to replead their breach of contract (Count Five, Count Six, Count Seven) and defamation (Count Nine) claims in compliance with the court's order no later than **August 9, 2010, 5:00 p.m.**

**It is so ordered** this 26th day of July, 2010.

                                                                Sam A. Lindsay
                                                                United States District Judge