IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLES REDDEN,** | § | |
| **CHRISTOPHER BROOKS,** | § | |
| **BRAD KESSLER, AND** | § | |
| **CHARLES REDDEN AND** | § | |
| **ASSOCIATES, INC.,** | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. **3:09-CV-1380-L** |
| | § | |
| **SMITH & NEPHEW, INC.,** | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiffs' Charles Redden, Christopher Brooks, Brad Kessler, and

Charles Redden and Associates, Inc.'s Motion for Leave to File Third Amended Original Complaint

and Brief, filed August 11, 2010; and Defendant's [Motion] to Withdraw Counsel, filed September

16, 2010. After carefully considering the motion, response, reply, and applicable law, the court

**denies** Plaintiff's Motion for Leave to File Third Amended Complaint and **grants** Defendant's

[Motion] to Withdraw Counsel.

## I.    Procedural Background

On June 25, 2009, Charles Redden, Christopher Brooks, Brad Kessler, and Charles Redden

and Associates, Inc ("Plaintiffs") filed their petition in the 95th Judicial District Court, Dallas

County, Texas. Plaintiffs' Second Amended Complaint is the live pleading. In the proposed third

amended complaint, Plaintiffs assert the following claims: (1) Claim One- Breach of Contract; (2)

Claim Two- Breach of Contract; (3) Claim Three- Defamation; (4) Claim Four- Fraud; (5) Claim

Five- Negligent Misrepresentation; and (6) Claim Six- Intentional Infliction of Emotional Distress.

Plaintiffs originally were independent contractor sales representatives of Smith & Nephew, Inc. ("Smith & Nephew"), a company in the business of supplying medical instruments and products to orthopedic surgeons and hospitals. Smith & Nephew terminated its business relationship with Plaintiffs on June 12, 2009, pursuant to their individual contracts. Plaintiffs allege that they were wrongfully terminated and were placed into a "no win" position by Defendants. The original pleading, Plaintiffs' Original Petition ("Petition"), alleged four claims: (1) Claim One- breach of contract on behalf of Plaintiffs Christopher Brooks ("Brooks") and Brad Kessler ("Kessler"); (2) Claim Two- breach of contract on behalf of Plaintiff Charles Redden ("Redden"); (3) Claim Three- defamation on behalf of all Plaintiffs; and (4) Claim Four- breach of fiduciary duty on behalf of all Plaintiffs.

The court entered a Scheduling Order on December 8, 2009. Among other things, the deadline to file motions for leave to amend was March 8, 2010. The discovery deadline is December 6, 2010. The dispositive motions deadline is December 20, 2010, and the case is set for trial on the court's four-week docket beginning April 4, 2011.

On January 19, 2010, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, this court held that venue was improper as to Claim One of the Petition because Plaintiffs Brooks and Kessler contractually agreed to vest exclusive jurisdiction and venue over such claims in the state and federal courts of Tennessee. The court severed Claim One from this suit and transferred it, pursuant to 28 U.S.C. § 1406(a), to the Western District of Tennessee, Memphis Division. The court also held that Claims Two, Three, and Four of the Petition were deficient because they failed to satisfy the "short and plain statement" standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure. The court ordered Plaintiffs to replead those claims to comply with the notice standard

of Rule 8(a)(2). The court further ordered that if the claims were not repleaded by February 5, 2010, it would dismiss them with prejudice.

On February 5, 2010, Plaintiffs filed their First Amended Original Complaint, asserting twelve claims: (1) Claim One- Fraud; (2) Claim Two- Negligent Misrepresentation; (3) Claim Three- Implied in Fact Contract; (4) Claim Four- Breach of the Duty of Good Faith and Fair Dealing; (5) Claim Five- Breach of Contract; (6) Claim Six- Breach of Contract; (7) Claim Seven- Breach of Contract; (8) Claim Eight- Intentional Infliction of Emotional Distress; (9) Claim Nine- Defamation; (10) Claim Ten- [Claim Ten was skipped]; (11) Claim Eleven- Breach of Fiduciary Duty; (12) Claim Twelve- Attorney's Fees; and (13) Claim Thirteen- Exemplary Damages. On February 19, 2010, Defendant moved to strike and dismiss the First Amended Original Complaint for failure to state a claim upon which relief can be granted. The court issued a Memorandum Opinion and Order on July 26, 2010, striking Plaintiffs claims for fraud, negligent misrepresentation, implied in fact contract, breach of the duty of good faith and fair dealing, and intentional infliction of emotional distress, because Plaintiffs did not obtain leave of the court or the consent of Defendants to add these claims. The court also held that Plaintiffs failed to state a claim upon which relief could be granted for their breach of contract, defamation, and breach of fiduciary duty claims. The court allowed Plaintiff fourteen days to amend these claims. Additionally, because the court did not believe that Plaintiffs could cure the breach of fiduciary duty claim through amendment, the court dismissed the claim with prejudice. The court denied Defendant's Motion to Strike as to the Attorney's Fees and Exemplary Damages claims.

On August 9, 2010, Plaintiffs filed a Second Amended Original Complaint ("Complaint"), asserting three claims: (1) Claim One- Breach of Contract; (2) Claim Two- Breach of Contract; and (3) Claim Three- Defamation.

## II.      Motion for Leave to Amend

On August 11, 2010, Plaintiffs filed a Motion for Leave to File Third Amended Original Complaint. Plaintiffs contend that there is good cause to amend the scheduling order, extend the amendment of pleadings deadline, and grant them leave to add additional claims. Smith & Nephew opposes the requested relief.  Defendant argues that any delays referenced by Plaintiffs were caused by their inexcusable neglect and that Plaintiffs knew of the proposed amendments before and should have sought leave to amend earlier.  Defendant also contends that it will be prejudiced if leave is granted.  Defendant contends that Plaintiffs have failed to establish good cause for modifying the scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure.

### A.      Legal Standard

Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b).  *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").  A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).  The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension."  *S & W*, 315 F.3d at 535 (citation omitted).  "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal

standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536.  In

deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the

failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential

prejudice in allowing the amendment; and (4) the availability of a continuance to cure such

prejudice." *Id*. (internal quotation marks, brackets, and citations omitted).

### B.     Discussion

The court now considers each of the four factors.  Regarding the first factor, the court notes that

Plaintiffs do not provide an adequate explanation for their failure to timely amend or file a request for a

continuance.  Plaintiffs contend that  they did not timely move for leave to amend because Plaintiffs'

counsel made a mistake in reviewing the Scheduling Order. The reasons offered by Plaintiff for its

failure to timely amend are, at best, weak.  Plaintiffs' tendered reasons do not rise to the level of

"good cause" such that the court will consider modifying the December 8, 2009 Scheduling Order.

Plaintiffs have failed to explain to the court's satisfaction why they did not make reasonable efforts

to amend their Complaint during the allotted period.  Plaintiffs state that their counsel made an error;

however, "simple inadvertence or mistake of counsel or ignorance of the rules usually does not

suffice" to show good cause or excusable neglect.  *Winters v. Teledyne Movible Offshore, Inc.,* 776

F.2d 1304, 1306 (5th Cir. 1985) (citations omitted).  Although *Winters* is a case that discusses "good

cause" in the context of Rule 4 of the Federal Rules of Civil Procedure, the court can think of no

reason why its rationale would not be equally applicable to Rule 16 of the Federal Rules of Civil

Procedure.  The court concludes that Plaintiffs' failure to amend their Complaint was of their own

making, and their procrastination or counsel's mistake, is not "good cause" for the court to allow

modification of the scheduling order to permit amendment of the Complaint.

With respect to the second factor, the importance of the amendment, the court is unpersuaded by Plaintiffs' argument. They contend that the amendment is "paramount to [their] case and [that] Plaintiffs intended to amend their pleadings even at the time of the original court filing." Pls'. Br. at 6. The explanation offered by Plaintiffs for the importance of the amendment is unpersuasive. The court is puzzled and has great difficulty accepting that Plaintiffs were aware of the facts that would support these "new claims" and yet failed to include the claims in their Petition. Plaintiffs waited for over thirteen months before including the "paramount" claims in their pleadings. Each claim that Plaintiffs allege arises from facts known to them at the time the Petition was filed in state court on June 25, 2009. The court concludes that the proposed amendments are not paramount because Plaintiffs would have necessarily included these claims in their Petition. The argument asserted by Plaintiffs smacks of a mere afterthought on their part. Thus, the court determines that this factor weighs against Plaintiffs.

The court considers the third factor, potential prejudice in allowing the amendment, and the fourth factor, the availability of a continuance to cure such prejudice, together because the two overlap. The court recognizes that there is little potential prejudice to Defendant. Moreover, such prejudice could likely be cured by a continuance or extension of certain deadlines; however, this approach effectively awards a litigant who has not been diligent in attempting to meet the deadlines in the scheduling order. In this case, Plaintiffs have not demonstrated that they were diligent in meeting the deadline for amendment of pleadings or that they requested an extension prior to the expiration of the deadline. When Defendant filed its Motion to Strike on February 19, 2010, this filing, at the latest, should have triggered Plaintiffs' request for leave to file any additional claims.

Plaintiffs waited until August 11, 2010, to file their request, which injects another problem into the equation.

The discovery deadline is December 6, 2010, and the dispositive motion deadline is December 20, 2010. At the time Plaintiffs filed their motion in August, they stated that no discovery had even taken place. Why no discovery had taken place eight months after the court issued its scheduling order is astounding. The court will likely be faced with a request to extend the discovery deadline, dispositive motion deadline, pretrial submissions deadline, and trial date, which may be justified; however, the court expresses no opinion on these matters at this time. While an extension of those dates may be warranted, an extension of the pleading deadline is not warranted. This is so because of Plaintiffs' failure to adequately explain or justify the untimeliness of their request, the questionable importance of the new claims, and the lack of diligence on the part of Plaintiffs. To allow an extension of the pleadings deadline would effectively award Plaintiffs for not diligently prosecuting their case and would unnecessarily delay the resolution of this action. Further, a district court has the inherent power to exercise control over its docket by refusing to give nondiligent litigants a "second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Exploration Co.,* 110 F.3d 253, 258 (5th Cir. 1997).

The deadline for amending the pleadings was the first deadline for the parties in this case. The court customarily establishes this deadline toward the beginning of a case so that the litigants are aware of the parties to the litigation, the claims presented in the pleadings, and the defenses raised to the claims. Being aware of these matters in the early stages in litigation allows the parties ample time to plan a pretrial strategy and arrange necessary discovery. What Plaintiffs seek to do now by way of amendment should have occurred more than five months prior to filing this motion.

On balance these two factors therefore weigh against granting a modification of the scheduling order to extend the amendment of pleadings deadline.

**III.     [Motion] to Withdraw Counsel**

Defendant filed a motion to allow Ms. Elizabeth Bedell to withdraw as counsel for Smith & Nephew because she is no longer employed by Fish & Richardson P.C. The motion is unopposed, and the court can think of no reason why she should not be allowed to withdraw. The court will allow her to withdraw.

**IV.     Conclusion**

For the reasons stated herein, the court determines that Plaintiffs have failed to demonstrate good cause to modify the scheduling order to extend the deadline to amend their Complaint. The court concludes, after considering all four factors, that Plaintiffs will not be allowed to amend its Complaint because all four factors weigh against it.

Accordingly, the court **denies** Plaintiff's Motion for Leave to File Third Amended Original Complaint and **grants** Defendant's [Motion] to Withdraw Counsel. Elizabeth Bedell is permitted to withdraw as counsel to Smith & Nephew, Inc. and is relieved of any further obligation to represent it in this case. Other counsel of Fish & Richardson P.C. will continue to represent Defendant.

**It is so ordered** this 22nd day of November, 2010.

Sam A. Lindsay
United States District Judge